Sarah M. Matz (SBN 312051)
ADELMAN MATZ P.C.
780 Third Avenue, 14th Floor
New York, New York 10017
Telephone: (646) 650-2207
Facsimile: (646) 650-2108
E-mail: sarah@adelmanmatz.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRVCTVRE ARTIST MANAGEMENT INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN JAMES BORGER JR., p/k/a "BORGEOUS", <br><br> Defendants. | Case No.: 17-4694 DSF (JPRx) <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> **1) BREACH OF CONTRACT;** <br><br> **2) DECLARATORY JUDGMENT;** <br><br> **3) ACCOUNTING;** <br><br> **4) UNJUST ENRICHMENT; AND** <br><br> <u>**JURY TRIAL DEMANDED**</u> |

Plaintiff STRVCTVRE Artist Management Inc., by its attorneys, Adelman Matz P.C., for its complaint against defendant John James Borger Jr., p/k/a "Borgeous" ("Borgeous"), alleges as follows:

## **NATURE OF THE CASE**

1. This is an action for breach of contract arising out of a failure by Defendant Borgeous, an electronic dance music DJ, to make commission payments and to provide monthly accountings to Plaintiff, his exclusive manager, pursuant to

---
1

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

the written management agreement between the parties and Defendant Borgeous' anticipatory repudiation of his continuing obligations under said agreement. In addition, Plaintiff seeks an accounting of monies owed to Plaintiff by Defendant Borgeous, and a declaratory judgment declaring that the Management Agreement annexed hereto as Exhibit A between Plaintiff and Defendant Borgeous, dated August 1, 2013 is still in effect.

## PARTIES

2.      Plaintiff is a corporation duly formed and existing under the laws of the Province of Ontario, Canada.

3.      Plaintiff's principal place of business and principal offices are located in Toronto, in the Province of Ontario, Canada.

4.      Plaintiff is engaged in the business of managing the careers of musicians and performing artists.

5.      Upon information and belief, Defendant John James Borger Jr., p/k/a "Borgeous" is a citizen of the State of California, who resides at 124 The Strand, Hermosa Beach, California 90254.

6.      Upon information and belief Defendant Borgeous is an electronic dance music DJ.

## JURISDICTION AND VENUE

7.      Upon information and belief, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this is an action between Plaintiff, which is a citizen of a foreign state, namely the Province of Ontario, Canada, and Defendant Borgeous who is a citizen of the state of California and the amount in controversy, exclusive of interest, costs and attorneys' fees, exceeds the sum of seventy-five thousand dollars ($75,000).

8.      Upon information and belief, venue is also proper in this district pursuant to 28 U.S.C. § 1391(a) and (b) because the Defendant resides in this Judicial District.

9. Upon information and belief, this Court has personal jurisdiction over the Defendant as Defendant is subject to the jurisdiction of a court of general jurisdiction in this State.

## FACTUAL BACKGROUND

10. Plaintiff is a successful personal management company. Plaintiff represents various artists, including Defendant Borgeous.

11. Plaintiff and Defendant Borgeous entered into a written Management Agreement dated August 1, 2013 (the "Management Agreement"). A true and correct copy of the Management Agreement is annexed hereto as **Exhibit A**.

12. Pursuant to the Management Agreement annexed hereto as Exhibit A, Defendant Borgeous retained Plaintiff to exclusively represent, supervise, advise, counsel and guide him in the development and promotion of his career in all aspects of the Entertainment Industry, throughout the World.

13. Pursuant to paragraph 4(a) of the Management Agreement annexed hereto as Exhibit A, in consideration for Plaintiff's services rendered, Borgeous agreed to pay Plaintiff "20% of [Borgeous'] Gross Income in connection with all aspects of the Entertainment Industry for the Term of the Agreement, provided that the commission shall apply in perpetuity: (i) with respect to [Borgeous'] recordings and compositions exploited during the Term of this Agreement; and (ii) with respect to any agreement entered into during the Term of this Agreement (including without limitation with respect to live performances, sponsorships, and endorsements) provided such agreement has been substantially negotiated during the Term of [the Management Agreement annexed hereto as Exhibit A]."

14. Pursuant to paragraph 5 of the Management Agreement annexed hereto as Exhibit A, Borgeous also agreed to reimburse Plaintiff for all expenses incurred by Plaintiff in connection with its services provided under the Management Agreement annexed hereto as Exhibit A on Borgeous' behalf.

15. Pursuant to Paragraph 6 of the Management Agreement annexed hereto as Exhibit A, Defendant Borgeous was and is required to account to and remit payments for commissions and expenses to Plaintiff on a monthly basis.

16. The initial term of the Management Agreement annexed hereto as Exhibit A, commenced on August 1, 2013 and continued for three (3) years.

17. Thereafter, pursuant to paragraph 3, the Management Agreement annexed hereto as Exhibit A, provided that it "shall automatically extend on an annual basis for further successive one (1) year option periods on the expiration of the then-current contract period, unless either party provides the other with written notice of termination of the applicable option no later than thirty (30) days prior to the expiration of the then-current contract period."

18. Following its retention as Borgeous' exclusive personal manager, Plaintiff advised and counseled Defendant Borgeous on a wide range of matters pertaining to Defendant Borgeous' music career including supervising, and guiding Defendant Borgeous in the development and promotion of his career in all aspects of the Entertainment Industry, including providing overall strategy and guidance, industry introductions, and assisting with various tour and sponsorship opportunities, and has otherwise fully performed under the Management Agreement annexed hereto as Exhibit A.

19. Upon information and belief, despite his contractual obligation to do so, Defendant Borgeous has failed to pay Plaintiff the commission fees and expenses it is owed on a monthly basis.

20. Upon information and belief, the commissions and expenses that are presently due and owing to Plaintiff exceed $300,000.

21. Upon information and belief, as Defendant Borgeous did not provide written notice of termination of the applicable option no later than thirty (30) days prior to August 1, 2016 i.e. the expiration of the then current contract period, the

term of the Management Agreement annexed hereto as Exhibit A automatically extended for an additional year.

22. Upon information and belief on or about August 1, 2016, Red Light Management LLC ("Red Light") approached Defendant Borgeous and expressed an interest in acting as his exclusive personal manager.

23. Upon information and belief, on or about August 3, 2016, Defendant Borgeous attempted to terminate the automatic extension of the Management Agreement annexed hereto as Exhibit A, by sending a backdated letter to Plaintiff purporting to terminate the option to extend the term of the Management Agreement annexed hereto as Exhibit A (the "Backdated Termination Letter").

24. Upon information and belief, Defendant Borgeous did not send the Backdated Termination Letter on the date written on the letter.

25. Furthermore, upon information and belief, Defendant Borgeous did not send the Backdated Termination Letter at any time within the thirty (30) days prior to August 1, 2016.

26. Upon information and belief, Defendant Borgeous backdated the letter in an intentional effort to misrepresent the date on which it was actually sent, which was August 3, 2016.

27. Upon information and belief, as Defendant Borgeous did not provide written notice of termination of the applicable option no later than thirty (30) days prior to August 1, 2016 i.e. the expiration of the then current contract period, Defendant Borgeous' attempt to terminate the term of the Management Agreement annexed hereto as Exhibit A was invalid and of no force or effect.

28. Upon information and belief, Defendant Borgeous' fraudulent attempt to terminate the Management Agreement annexed hereto as Exhibit A constitutes a breach of the agreement.

5

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

29. Since August 3, 2016, Defendant Borgeous has advised Plaintiff that it is his position that the term of the Management Agreement annexed hereto as Exhibit A ended on July 31, 2016.

30. However, upon information and belief, as Defendant Borgeous did not provide written notice of termination of the applicable option no later than thirty (30) days prior to August 1, 2016 i.e. the expiration of the then current contract period, the term of the Management Agreement annexed hereto as Exhibit A automatically extended for an additional year.

31. Upon information and belief, Defendant Borgeous' statements that the term of the Management Agreement annexed hereto as Exhibit A ended on July 31, 2016, is an anticipatory repudiation of the Management Agreement annexed hereto as Exhibit A.

32. Upon information and belief, sometime after August 3, 2016, Defendant Borgeous retained Red Light as his exclusive personal managers in violation of the express terms of the Management Agreement annexed hereto as Exhibit A.

## COUNT I

## BREACH OF CONTRACT

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 above as if fully set forth herein.

34. The Management Agreement annexed hereto as Exhibit A constitutes a valid and binding contract between Plaintiff and Borgeous.

35. Plaintiff has fully performed all of its material obligations under the Management Agreement annexed hereto as Exhibit A, by providing Borgeous with the services it agreed to provide.

36. Furthermore, at all times herein, Plaintiff has been ready willing and able to continue to provide Borgeous with the services it agreed to provide under the Management Agreement annexed hereto as Exhibit A throughout the extended term of the Management Agreement annexed hereto as Exhibit A.

37. Pursuant to paragraph 4(a) of the Management Agreement annexed hereto as Exhibit A, in consideration for Plaintiff's services rendered, Borgeous agreed to pay Plaintiff "20% of [Borgeous'] Gross Income in connection with all aspects of the Entertainment Industry for the Term of the Agreement, provided that the commission shall apply in perpetuity: (i) with respect to [Borgeous'] recordings and compositions exploited during the Term of this Agreement; and (ii) with respect to any agreement entered into during the Term of this Agreement (including without limitation with respect to live performances, sponsorships, and endorsements) provided such agreement has been substantially negotiated during the Term of [the Management Agreement annexed hereto as Exhibit A]."

38. Pursuant to paragraph 5 of the Management Agreement annexed hereto as Exhibit A, Borgeous also agreed to reimburse Plaintiff for all expenses incurred by Plaintiff in connection with its services provided under the Management Agreement annexed hereto as Exhibit A on Borgeous' behalf.

39. Paragraph 6 of the Management Agreement annexed hereto as Exhibit A, required Defendant Borgeous to account to and remit payments for commissions and expenses to Plaintiff on a monthly basis.

40. Upon information and belief, Defendant Borgeous has failed to pay Plaintiff the commission fees and expenses Plaintiff is owed.

41. Upon information and belief, Defendant Borgeous has continued to fail to account to and make commission and expense payments due to Plaintiff.

42. By virtue of the foregoing, Defendant Borgeous has breached the Management Agreement annexed hereto as Exhibit A.

43. Furthermore, upon information and belief, Defendant Borgeous' fraudulent attempt to terminate the Management Agreement annexed hereto as Exhibit A, also constitutes a breach of said agreement.

44. Upon information and belief, Defendant Borgeous statements that the term of the Management Agreement annexed hereto as Exhibit A ended on July 31,

2016, further constitutes an anticipatory repudiation of the Management Agreement annexed hereto as Exhibit A.

45. Defendant Borgeous has failed to honor his obligations to account to and compensate Plaintiff pursuant to the Management Agreement annexed hereto as Exhibit A, and has evinced a clear intention to refuse to meet his future obligations to pay Plaintiff the commissions it is owed under paragraph 4 of the Management Agreement annexed hereto as Exhibit A, including but not limited to commission payments and expenses that are presently due and owing, commission payments that will be due and owing during the extended term of the Management Agreement annexed hereto as Exhibit A, and the payments that are due in perpetuity pursuant to Paragraph 4 of the Management Agreement annexed hereto as Exhibit A.

46. As a direct and proximate result of the foregoing, Plaintiff has been damaged and will continue to be damaged in an amount to be determined at trial, but an amount which Plaintiff believes to be in excess of $500,000, plus interest, costs and attorneys' fees.

## COUNT II
## DECLARATORY JUDGMENT

47. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 46 above as if fully set forth herein.

48. Plaintiff and Defendant Borgeous entered into the Management Agreement annexed hereto as Exhibit A on or about August 1, 2013.

49. Plaintiff performed all of its obligations to Defendant Borgeous under the Management Agreement annexed hereto as Exhibit A.

50. The initial term of the Management Agreement annexed hereto as Exhibit A commenced on August 1, 2013 and continued for three (3) years. Thereafter the Management Agreement annexed hereto as Exhibit A, provided that it "shall automatically extend on an annual basis for further successive one (1) year option periods on the expiration of the then-current contract period, unless either

party provides the other with written notice of termination of the applicable option no later than thirty (30) days prior to the expiration of the then-current contract period."

51. Upon information and belief, as Defendant Borgeous did not provide written notice of termination of the applicable option no later than thirty (30) days prior to August 1, 2016 i.e. the expiration of the then current contract period, the term of the Management Agreement annexed hereto as Exhibit A automatically extended for an additional year.

52. Upon information and belief, Defendant Borgeous fraudulently attempted to terminate the Management Agreement annexed hereto as Exhibit A by sending the Backdated Termination Letter after the Management Agreement annexed hereto as Exhibit A had automatically extended for an additional year.

53. Upon information and belief, the Backdated Termination Letter is invalid and of no force or effect.

54. Since August 3, 2016, Defendant Borgeous has advised Plaintiff that it is his position that the term of the Management Agreement annexed hereto as Exhibit A ended on July 31, 2016.

55. Based on the foregoing, a valid controversy exists that is sufficient for this Court to declare the rights and remedies of the parties.

56. In order to resolve this controversy, Plaintiff requests that, pursuant to 28 U.S.C. §§2201 and 2202 this Court declare that: (a) Defendant Borgeous has materially breached and repudiated the Management Agreement annexed hereto as Exhibit A; (b) Defendant Borgeous fraudulent Backdated Termination Letter is invalid and of no legal effect; and (c) that the term of the Management Agreement annexed hereto as Exhibit A automatically extended for an additional year and continues in full force and effect.

## COUNT III
## ACCOUNTING

57. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 56 above as if fully set forth herein.

58. Despite repeated demand, Defendant Borgeous has refused and continues to refuse to account to and pay Plaintiff for the amount of commissions and expenses due to Plaintiff pursuant to the Management Agreement annexed hereto as Exhibit A.

59. Upon information and belief, Defendant Borgeous has and continues to collect monies, a percentage of which belong to, and have been earned by, Plaintiff.

60. Upon information and belief, Defendant Borgeous is collecting and holding these monies in bank accounts that Defendant Borgeous is controlling.

61. Upon information and belief, Defendant Borgeous, and his agents, are currently in exclusive possession of the books, records and other documentation that is needed to determine the amount of commissions Plaintiff is owed pursuant to the Management Agreement annexed hereto as Exhibit A.

62. Without an accounting, Plaintiff remains unaware of the amount that it is owed to Plaintiff under the Management Agreement annexed hereto as Exhibit A.

63. Based upon the foregoing, an accounting is necessary to determine the rights of the parties, including but not limited to the amount of monies owed to Plaintiff.

64. Despite previous demands by Plaintiff for Borgeous to provide an accounting so that Plaintiff can determine the amount of monies owed to it, no documentation or explanation has been provided.

65. Plaintiff lacks an adequate remedy at law to determine the amounts properly due under the Management Agreement annexed hereto as Exhibit A and can do so only through an accounting.

66. As a direct and proximate result of Defendant Borgeous' wrongful acts this Court should order an accounting of Defendant Borgeous' Gross Income (as defined in the Management Agreement annexed hereto as Exhibit A), the amount of

commissions that Defendant Borgeous is holding in its accounts that are due to Plaintiff, and the Court should enter judgment directing disposition of those monies to be paid to Plaintiff, in an amount to be determined at trial, but an amount which Plaintiff believes to be in excess of $500,000, plus interest, costs and attorneys' fees.

## COUNT IV

## UNJUST ENRICHMENT

67. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 66 above as if fully set forth herein.

68. In the event that there is any dispute as to the validity and/or scope of the Management Agreement annexed hereto as Exhibit A, Plaintiff is in the alternative entitled to compensation under a theory of unjust enrichment.

69. At all times herein mentioned, Plaintiff has duly performed all the services required and outlaid monies for expenses in furtherance of those services in good faith for the benefit of Defendant Borgeous.

70. At all times herein mentioned, Defendant Borgeous accepted the services of Plaintiff.

71. Upon information and belief, it was the mutual understanding of the parties that Plaintiff would be compensated for its services and the expense it incurred by being reimbursed for expenses and compensated for the value of its services, the reasonable value of which is "20% of [Borgeous'] Gross Income in connection with all aspects of the Entertainment Industry for the Term of the Agreement, provided that the commission shall apply in perpetuity: (i) with respect to [Borgeous'] recordings and compositions exploited during the Term of this Agreement; and (ii) with respect to any agreement entered into during the Term of this Agreement (including without limitation with respect to live performances, sponsorships, and endorsements) provided such agreement has been substantially negotiated during the Term of [the Management Agreement]."

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

72. Upon information and belief, Defendant Borgeous has been and continues to be unjustly enriched at the expense of Plaintiff by retaining from Plaintiff the commissions owed to Plaintiff, the reasonable value of Plaintiff's services and expenses that were incurred.

73. Upon information and belief, Defendant Borgeous' conduct has conferred on him benefits to which he knows he is not entitled and which have resulted in economic injury to Plaintiff.

74. Upon information and belief, it would be against equity and good conscience for Defendant Borgeous to retain the reasonable value of Plaintiff's services and expenses incurred.

75. As a matter of equity and good conscience, Plaintiff is entitled to restitution.

76. As a direct and proximate result of Defendant Borgeous' unlawful conduct, Plaintiff has been damaged in an amount to be determined at trial, but an amount which Plaintiff believes to be in excess of $500,000, plus interest, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully demands judgment against Defendant as follows:

a) On the first claim, damages in an amount to be determined at trial, but no less than $500,000, plus interest, costs and attorneys' fees;

b) On the second claim, that the Court declare the respective rights and duties of the parties in this matter. In particular, declare that (a) Defendant Borgeous has materially breached and repudiated the Management Agreement annexed hereto as Exhibit A; (b) Defendant Borgeous fraudulent Backdated Termination Letter is invalid and of no legal effect; and (c) that the term of the Management Agreement annexed hereto as Exhibit A automatically extended for an additional year and continues in full force and effect;

    c) On the third claim, that the Court order an accounting of Defendant Borgeous' Gross Income (as defined in the Management Agreement annexed hereto as Exhibit A), the amount of commissions that Defendant Borgeous is holding in its accounts that are due to Plaintiff, and the Court should enter judgment directing disposition of those monies to be paid to Plaintiff, in an amount to be determined at trial, but no less than $500,000, plus interest, costs and attorneys' fees;

    d) On the fourth claim, damages in an amount to be determined at trial, but no less than $500,000, plus interest, costs and attorneys' fees;

    e) costs, reasonable attorney's fees and disbursements for this action; and

    f) any such further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all claims for relief and issues triable by jury.

Dated: New York, New York  
       July 10, 2017

Respectfully submitted,

ADELMAN MATZ, P.C.

  /s/ Sarah M. Matz  
Sarah M. Matz (SBN 312051)  
ADELMAN MATZ P.C.  
780 Third Avenue, 14th Floor  
New York, New York 10017  
Telephone: (646) 650-2207  
Facsimile: (646) 650-2108  
E-mail: sarah@adelmanmatz.com  
*Attorneys for Plaintiff*

13

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL